**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Center for Biological Diversity, et al., | No. CV-26-00706-PHX-DWL |
| Plaintiffs, | **ORDER** |
| v. | |
| Tom Schultz, et al., | |
| Defendants. | |

On February 3, 2026, Plaintiffs filed the complaint, naming four federal defendants ("the Federal Defendants"). (Doc. 1.)

On March 26, 2026, the Federal Defendants filed an unopposed motion requesting a 62-day extension of their deadline to respond to the complaint, indicating that they were "considering their options regarding how to proceed with this litigation." (Doc. 9.) The Court granted the motion, extending the Federal Defendants' response deadline from April 14, 2026 to June 15, 2026. (Doc. 11.)

On May 8, 2026, the Court granted an unopposed motion to intervene (Doc. 12) filed by Gila County Cattle Growers Association and Arizona Cattle Growers Association (collectively, "the Cattle Growers"). (Doc. 16.) In their intervention request, the Cattle Growers indicated that intervention was appropriate because, *inter alia*, the "Federal Defendants may not adequately protect the private interests of [the] Cattle Growers and their members." (Doc. 12 at 2.) The Cattle Growers elaborated: "As federal agencies, [the] Federal Defendants do not have interests analogous to the private interests of [the] Cattle

Growers and their members as cattle ranchers.  The Forest Service issues grazing permits authorizing livestock grazing on National Forest land and administers those permits.  Its interests are not congruent with those of Cattle Growers and their members.  Moreover, Federal Defendants must necessarily consider and balance a variety of competing interests and are likely to base their litigation positions and arguments on policies and considerations originating at the regional and national level.  Consequently, Cattle Growers' intervention and participation will ensure the interests of the local ranching community, which depends on access to federal lands to provide adequate forage and water for their livestock, are taken into account in addressing the issues raised by this action." (*Id.* at 11, citations omitted.) The Cattle Growers attached a proposed answer to their motion and filed it on the day the Court granted them leave to intervene.  (Doc. 17.)

On May 19, 2026, the Court issued an order directing the parties to meet, confer, and develop a Rule 26(f) Joint Case Management Report by June 16, 2026.  (Doc. 18.) This is the Court's standard practice upon the filing of an answer by any defendant, even if other Defendants have not yet answered.

On June 8, 2026, Plaintiffs and the Federal Defendants filed a joint motion requesting an additional 30-day extension of the Federal Defendants' deadline to respond to the complaint and a 30-day extension of the deadline for the parties to submit a Rule 26(f) report, stating they were "interested in exploring opportunities to resolve this litigation without judicial involvement." (Doc. 19.)  The joint motion did not address the presence of the Cattle Growers in this action, so it is unclear whether Plaintiffs and the Federal Defendants, without the Cattle Growers, can "resolve this litigation without judicial involvement."  Furthermore, generally speaking, if certain Defendants have already answered and other Defendants have not (whether that is because the other Defendants have obtained additional time to respond to the complaint or were served later, or have yet to be served, or have filed a motion to dismiss), the Court will not delay the deadline for filing a Rule 26(f) report.

Nevertheless, the Court extended the deadlines, permitting the relatively short one-

month delay that Plaintiffs and the Federal Defendants requested. (Doc. 20.)

On July 10, 2026, Plaintiffs and the Federal Defendants filed another joint motion, which is now pending before the Court. (Doc. 21.) This motion seeks a third extension of the Federal Defendants' deadline to respond to the complaint—an additional 60 days, on top of the 92 days of extended time the Federal Defendants have already received—again for the reason that Plaintiffs and the Federal Defendants "remain interested in exploring opportunities to resolve this litigation without judicial involvement and require additional time to do so." (*Id.*) Under Rule 12(a)(2) of the Federal Rules of Civil Procedure, the Federal Defendants had 60 days to determine how they wished to proceed, and the Court granted them an additional 92 days of extended time, for a total of 152 days—approximately five months. The joint motion does not address what steps, if any, Plaintiffs and the Federal Defendants have taken to "resolve this litigation without judicial involvement" and does not explain why five months was an insufficient amount of time to accomplish this goal. The additional 62-day extension sought would result in permitting the Federal Defendants 214 days (approximately seven months) to respond to the complaint.

Furthermore, Plaintiffs and the Federal Defendants request an additional 60-day extension of the deadline to submit the Rule 26(f) report. (*Id.*) The motion again does not address the presence of the Cattle Growers in this action.

Pursuant to Rule 6(b)(1)(A), "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts," but although the standard is low, the requested relief should be "reasonable" and "justified" and should "not result in prejudice to any party." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259-60 (9th Cir. 2010). The vague allusions to settlement aspirations set forth in the parties' serial extension requests suggest that further relief would not be "reasonable" or "justified." The Court must construe Rule 6(b)(1)(A) in a manner that promotes the "speedy" determination of this action, Fed. R. Civ. P. 1, and granting lengthy deadline

extensions *ad infinitum* based on vague assertions that the parties are considering settlement is not a reasonable means of achieving this goal.  In short, the Court does not find that there is good cause to support the latest extension request.

The current deadline for the Federal Defendants to respond to the complaint is July 15, 2026, and the current deadline for the parties to submit their Rule 26(f) report is July 17, 2026.  (Doc. 20.)  Because Plaintiff and the Federal Defendants filed their joint motion as these deadlines were nearing expiration (Friday, July 10, 2026), and the Court has not been able to attend to the matter until now (Monday, July 13, 2026), it is clear that outright denial of the motion would result in a mad scramble to meet the deadlines, and that does not appear to be warranted under the circumstances.  Thus, the Court will grant one final set of extensions, more modest in duration than those requested—three additional weeks instead of two additional months.

Accordingly,

**IT IS ORDERED** that the joint motion filed by Plaintiffs and the Federal Defendants (Doc. 21) is **granted in part and denied in part**.  The deadline for the Federal Defendants to respond to the complaint is extended to **August 5, 2026**.  The deadline for the parties to submit their Rule 26(f) report is extended to **August 7, 2026**.  These deadlines will not be further extended absent demonstrated good cause in a more developed extension request that also addresses the position of the Cattle Growers.

Dated this 13th day of July, 2026.

_____
Dominic W. Lanza
United States District Judge

- 4 -